439 So.2d 565 (1983)
Marshall BLOUNT
v.
PEABODY SHORELINE GEOPHYSICAL, et al.
No. 83 CA 0017.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
Jonathan R. Schmidt, Hammond, for plaintiff.
Richard F. Zimmerman, Jr., Baton Rouge, for defendants.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
This is an appeal from a judgment of the trial court awarding the plaintiff property damages against the defendant, Peabody Shoreline Geophysical (Peabody), and its insurer, Transportation Insurance Company.
*566 Plaintiff, Marshall Blount, alleged that on or about February 8, 1981, Peabody conducted geophysical exploration activities near the plaintiff's home. These activities involved the detonation of explosive charges which the plaintiff claims resulted in extensive damage to his property. Peabody admitted that it conducted blasting activities in the area of plaintiff's home in early January 1981 but claimed that their last day of blasting in the area was January 7, 1981, more than a month prior to the date of the blasting complained of by the plaintiff. Peabody also pointed out that at least three other companies were in that area at the same time doing similar work and remained there after Peabody pulled out.
At the completion of plaintiff's case in chief, the defendant made a motion to dismiss which was denied by the trial judge. After trial on the merits, the trial court found that the detonations complained of were conducted by Peabody and resulted in the damages to plaintiff's property. The trial court subsequently rendered judgment in plaintiff's favor in the sum of $8902.30 plus 12% interest and all court costs, including an expert witness fee of $300.00 payable to L.E. Courtney, Jr. From that judgment, defendant appeals raising eight assignments of error.
In his first assignment of error, the appellant alleges that the trial court erred in failing to grant Peabody's motion to dismiss at the close of plaintiff's case. Peabody claims that it was essential that plaintiff establish the identification of the party that detonated the explosives on February 8, 1981. This, the appellant claims, the plaintiff failed to do.
La.C.C.P. art. 1810(B) provides:
B. In an action tried by the court with a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
As we read La.C.C.P. art. 1810(B), the trial judge may choose not to determine the facts on a motion for directed verdict but may choose to "decline to render any judgment until the close of all the evidence." Thus, when the trial court declines to grant a directed verdict, there is nothing for the appellate court to review. This assignment of error is without merit.
Upon review of the record, however, we find that the trial judge was clearly wrong in his finding that Peabody conducted blasting operations in the vicinity of plaintiff's house on or about February 8, 1981.
Plaintiff testified that seismographic work was conducted near his home in February of 1981. He pinpointed February 8, 1981 as one of the days blasting occurred which shook his house, because he happened to be home that day. He claimed that Peabody was the company doing the blasting because at one time an employee of Peabody's came into his yard and asked permission to park and check a break in their line. Plaintiff testified the blasting lasted five to seven days and the work was being done 500 to 750 feet away from his house. A neighbor testified he was present in plaintiff's home during some of the blasting, but was never asked to give the exact date. Plaintiff's brother-in-law, who lived about 50 yards from the Blount residence, testified he began having problems with his water well after the blastingsometime in February of 1981. Finally, another neighbor who lived ¼ mile away from Blount testified she was aware of the blasting around their home in February, 1981. Her testimony concluded plaintiff's case.
Defendant's geophysical supervisor on the job, James McNew, testified that Peabody did conduct blasting in the area of plaintiff's house, but pulled out of the area on January 7, 1981. Defendant also introduced a document, a daily report, which showed that the last day of drilling by Peabody in that area was January 7, 1981. *567 McNew also testified that he was aware of at least three other seismographic companies conducting blasting operations in the same general area as Peabody that remained working after Peabody left.
The trial judge appeared to rely on McNew's testimony, that when he returned and examined the area in response to plaintiff's complaint he noticed no holes other than those made by Peabody, as proof that only Peabody had blasted close to plaintiff's house. However, McNew's testimony clearly indicates that he only walked Peabody's line, and was referring to holes only in the immediate area in which their line was located. Additionally, during the month of February, Peabody was working thirteen miles from plaintiff's house.
Based on the record, it is our opinion that the plaintiff failed to prove by a preponderance of the evidence that Peabody conducted blasting activities in the area of his house on or near February 8, 1981. Therefore, we find the trial judge's judgment finding liability on Peabody's part, clearly wrong, and reverse that judgment. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Co., 283 So.2d 716 (La.1973).
For the reasons assigned, we reverse the judgment of the trial court and dismiss plaintiff's suit. Costs are to be paid by the plaintiff.
REVERSED AND RENDERED.

ON APPLICATION FOR REHEARING
PER CURIAM
The decision of this court was rendered on October 11, 1983, and mailed that same date. This application for rehearing was filed on November 9, 1983. Pursuant to La.C.C.P. art. 2166, as amended by Act 451 of 1983 and effective August 30, 1983, an application for rehearing must be filed within fourteen days of the mailing of the notice of judgment and the opinion of this court. This application is not timely.