671 So.2d 513 (1995)
Georgia TOWNSEND
v.
DELCHAMPS, INC., et al.
No. 94 CA 1511.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Denied January 12, 1996.
*514 Patricia C. Penton and Stephen A. Mogabgab, Hulse, Nelson & Wanek, Covington, for Plaintiff-Appellee, Georgia Townsend.
Sidney J. Hardy and Geoffrey J. Orr, Campbell, McCranie, Sistrunk Anzelmo & Hardy, Metairie, for Defendant-Appellant, Delchamps, Inc.
Before SHORTESS, PARRO and KUHN, JJ.
PARRO, Judge.
This personal injury action arises from an incident in defendant's store in which plaintiff, Georgia Townsend ("Townsend"), slipped on loose grapes and fell. The trial court rendered judgment against Delchamps, Inc. ("Delchamps"), and awarded Townsend damages. Delchamps appealed the judgment. We affirm.

FACTS AND PROCEDURAL HISTORY
On February 29, 1992, Townsend went to Delchamps to exchange merchandise. After stopping at the service counter at the front of the store, she pushed her shopping cart toward the last register which is adjacent to the produce section. After passing this register, she stepped on the grapes with her right foot, slipped and fell on her left side. She was helped to her feet by another shopper and store personnel. Townsend received medical care at the local hospital, and afterward was treated by her personal physician for injuries sustained in the fall.
Suit was subsequently filed against Delchamps, and a bench trial was held. After presentation of Townsend's case, Delchamps moved for an involuntary dismissal, which was denied by the trial judge. Delchamps then presented its case, and at the close of evidence the trial court took the matter under advisement. Written reasons were issued on April 4, 1994, in favor of Townsend, and a judgment was signed on April 19, 1994. Delchamps then filed this suspensive appeal. The salient issue presented to this court is whether the trial court correctly applied LSA-R.S. 9:2800.6.[1]

STANDARD OF REVIEW
A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Before an appellate court may reverse a factfinder's determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong (manifestly erroneous). Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id. at 883.

ANALYSIS
The law applicable in this case is LSA-R.S. 9:2800.6, which outlines the burden of proof in claims against merchants, and provides, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing *515 in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
The primary duty owed by the merchant to persons who use his premises is to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. LSA-R.S. 9:2800.6(A). If a breach of this duty is alleged, the statute sets forth the specific elements which claimant must prove in order to be successful on the issue of liability. LSA-R.S. 9:2800.6(B).
With the applicable law in mind, we now turn to the facts before us. Townsend testified that, after she stopped at the service desk, she proceeded in the direction of the last checkout stand, which was manned by a store employee at the time. As she pushed her shopping cart around the last register, she stepped on the grapes with her right foot, slipped and fell. She indicated there was so much grape juice on the sole of her shoe that she had to remove her shoes in order to get up.
Nancy Yeager, a store patron, testified she was behind Townsend in Delchamps and witnessed her fall close to the last register, which is near the produce section. When she went to assist Townsend, she noticed grapes that had been smashed on the floor in a "slip" pattern. The floor in that area was wet and it appeared someone had slipped on the grapes. Ms. Yeager indicated there were several store employees in the front area of the store who came to Townsend's aid when she fell. The assistant manager also arrived on the scene, noticed the grapes and picked them up.
James Meiners testified he was employed by Delchamps to do floor maintenance. He explained he was supposed to clean the floor "about every hour," but he maintained he swept and spot mopped the whole floor about every twenty or thirty minutes. Mr. Meiners stated he was working on the day of the accident. He had finished spot mopping in the produce section, as part of his normal routine, about ten or fifteen minutes before the accident. After that, he went to the back of the store to put up his broom and mop because he had been asked to bring some shopping carts into the store. Mr. Meiners said he did not see any grapes on the floor in the produce area when he was sweeping. Mr. Meiners testified that, although he usually went all the way through the store inspecting and spot mopping as he went, he did not specifically recall cleaning around the checkout aisle on the day of the accident. Mr. Meiners mentioned a book in which cleanup procedures were logged, but no such record was offered into evidence to substantiate his claim.
Based on the testimony in this rather abbreviated trial, the trial court found Mr. Meiners did not sweep in the area where Townsend fell. The court further found the grapes on the floor presented an unreasonable risk of harm and Delchamps breached its duty to exercise reasonable care by failing to sweep in this area. The court also found Delchamps had constructive notice of the dangerous condition.
Delchamps does not dispute the finding of an unreasonable risk of harm, but it does contest the finding that it failed to exercise reasonable care and that there was constructive notice of the condition which caused Townsend's injuries, i.e., the loose grapes on the floor. Delchamps strenuously argues that the statutory definition of "constructive notice" mandates that Townsend must prove the condition giving rise to her accident existed for such a period of time that Delchamps would have discovered the condition had it exercised reasonable care. Delchamps further argues that notice of the *516 existence of the condition is not inferred from the failure to exercise reasonable care. Delchamps cites the case of Welch v. Winn-Dixie Louisiana, Inc., 92-2372 (La.App. 1st Cir. 8/22/94), 645 So.2d 647, for the proposition that there is a temporal feature necessary to establish constructive notice. While we find this argument very persuasive, we are mindful of the language used by our supreme court, in its reversal of this court in Welch, that "[t]he length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism [i.e., a uniform, mandatory, non-discretionary, clean-up and safety procedure] in place to discover such a hazard." Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95), 655 So.2d 309, 318. In such cases, the supreme court indicated it was unnecessary to show precisely how long the foreign substance was on the floor. Id. Although this approach seems to ignore the express language of LSA-R.S. 9:2800.6 regarding constructive notice and its temporal aspect, we are constrained to follow the supreme court's ruling in this regard despite our prior interpretation of the legislation to the contrary.[2]
Mr. Meiners' testimony as to what he "usually" did in the way of floor maintenance did not establish consistent inspection procedures. His own testimony that he cleaned the floors every twenty to thirty minutes was undermined by his admission that he had just finished cleaning the floor and was storing his mop and broom so that he could go outside and retrieve shopping carts. Mr. Meiners obviously had other duties besides sweeping the floor. Apparently the trial court found there was no mechanism in place to discover the loose grapes on the floor when it found that Delchamps breached its duty to exercise reasonable care by failing to sweep in the area near the last cash register where Townsend fell. If the inspection was inadequate, the trial court could have reasonably concluded that the loose grapes existed on the floor for such a period of time that they would have been discovered if Delchamps had exercised reasonable care, i.e., performed an adequate inspection. See Id.
Based on the reasoning of the supreme court in Welch, Delchamps' argument regarding the lack of constructive notice and the exercise of reasonable care is without merit.
Our review of the entire record reveals that a reasonable factual basis exists for the trial court's findings, and the record establishes that the trial court was not clearly wrong.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Delchamps.
AFFIRMED.
NOTES
[1] Delchamps also assigns as error the trial court's denial of its motion for involuntary dismissal. LSA-C.C.P. art. 1672(B) affords the trial judge discretion to render judgment or to decline to render any judgment until the close of all evidence. The decision of the trial court denying Delchamps' motion for involuntary dismissal at the close of Townsend's case leaves nothing for this court to review on appeal. See Blount v. Peabody Shoreline Geophysical, 439 So.2d 565, 566 (La.App. 1st Cir.1983); Parker v. Winn-Dixie Louisiana, Inc., 615 So.2d 378, 380 (La.App. 5th Cir.1993).
[2] See LSA-C.C. arts. 1 and 2 and the official comments to these articles.