DOUCET, Chief Judge.
In this slip and fall ease, defendant, Wal Mart Stores, Inc. (Wal-Mart) appeals a judgment of the trial court finding defendant 70% at fault in causing plaintiffs injuries. We affirm.
FACTS
At approximately 4:30 P.M. on the rainy afternoon of November 1, 1995, plaintiff, Michael Alexander, his girlfriend, Arelia Strong, and his step-daughter went to the Wal-Mart store in Pineville, Louisiana. As the trio entered the store, Ms. Strong remembered that she had left her shopping list in the car and asked Mr. Alexander tojjget it for her. While Mr. Alexander returned to the car, the ladies proceeded into the store to begin shopping.
It is unclear whether the three first entered the store vestibule through the front or one of the side doors. In any event, Mr. Alexander testified that upon returning to the store, after obtaining Ms. Strong’s shopping list, he entered the store vestibule through the left side doors. Mr. Alexander testified that he was in a hurry to get out of the rain, but that he was proceeding carefully because of the wet floor. He stated that as he reached the rug beside the inner store doors, he slipped and fell on a wet spot. No one witnessed his fall, but Wai-Mart’s “people greeter” on duty, Margaret Kessler, spotted plaintiff on the floor and called for assistance.
Ms. Kessler testified that in addition to greeting customers, she was responsible for dry mopping the foyer and vestibule areas on rainy days. She stated that she could not remember how long before Mr. Alexander fell she had last mopped the areas, but that it could have been as long as one hour.
Both the manager, Keith Blanchard, and the assistant manager on duty, Alan Capello, responded to the report of a customer falling in the front of the store. The two men agreed that both mats and warning cones were in place and neither one remembered seeing any wet area near the site of plaintiff’s fall. However, the two disagreed about the presence or absence of a rug at the door Mr. Alexander had used to enter the store. Byron Hawthorne, a member of the Wal-Mart support team also responded to the report of a customer falling. His testimony supported that of the assistant manager, who did not remember a mat inside the side entrance door.
_JjjTwo of Wal-Mart’s witnesses stated that they smelled alcohol on Mr. Alexander’s breath. Mr. Alexander admitted that he had consumed two or three beers over the course of the day, but denied that he was in any way alcohol impaired. A blood test done at Rap-ides Regional Medical, the facility to which plaintiff was transported after his fall, was negative for controlled substances and alcohol.
The trial judge found plaintiff to be 30% and Wal-Mart 70% at fault in causing plaintiffs injuries. He awarded Mr. Alexander $2,106.99 in medical expenses and $7,000.00 in general damages. In accordance with the percentage of liability allocated to Wal-Mart, judgment was rendered in favor of plaintiff for $6,374.89. Wal-Mart appeals arguing three assignments of error.
LAW AND DISCUSSION
We first address appellant’s third assignment of error, that the trial court failed to assess plaintiff with contributory negligence. This assignment is clearly without merit as, in his reasons for judgment, the trial judge found plaintiff 30% at fault in causing his own damages. We can only hypothesize that appellant is confused because the final judgment did not specifically state that plaintiff was found to be 30% at fault. However, the amount awarded to plaintiff in that judgment is 30% less than the total amount of damages awarded plaintiff in the trial judge’s reasons for judgment.
Appellant’s first two assignments of error deal with the plaintiff’s burden of proof under La.R.S. 9:2800.6. Wal-Mart argues that the trial judge erred in finding plaintiff proved the existence of an unreasonably dangerous condition and that Wal-Mart failed to exercise reasonable care to keep its premises safe. As these two assignments are so closely related, we will address them together.
UThe application of La.R.S. 9:2800.6, as it was written at the time of plaintiff’s accident, *1315 was recently discussed by this court in the case of Broussard v. Wal-Mart Stores, Inc., 96-513, p. 5 (La.App. 3 Cir. 11/6/96); 682 So.2d 894, 899-900, wherein we stated:
BURDEN OF PROOF
Wal-Mart maintains that the trial court erred in concluding that the Broussards met their burden of proof as provided in La.R.S. 9:2800.6. Specifically, Wal-Mart contends that the trial court erred in finding it had constructive notice of the spill and that its procedures employed for detecting floor hazards were not reasonable under the circumstances.
Plaintiffs’ burden of proof in this case is governed by La.R.S. 9:2800.6 which, at the time of Anna’s accident, provided:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
^“Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D.Nothing herein shall affect any liability which a merchant may have under CM Code Arts. 660, 667, 669, 2317, 2322 or 2695.
The applicable pre-May 1, 1996 version of the statute is “decidedly pro-defendant.” Welch v. Winn-Dixie of Louisiana, Inc., 94-2331, p. 9 (La.5/22/95); 655 So.2d 309, 314. It places a “strict burden” on slip and fall plaintiffs to prove all of the elements listed therein. Stevens v. Winn-Dixie, 664 So.2d 1207, 1210 (La.App.1st Cir.1995).
In Welch, 655 So.2d 309, plaintiff slipped and fell in cooking oil on the aisle floor of defendant’s store. The supreme court considered plaintiffs burden with regard to defendant’s constructive notice of the hazard, e.g., that it was difficult if not impossible for a plaintiff to prove that the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care. The supreme court concluded that, when a plaintiff proves that the merchant does not have in place a uniform, mandatory, non-discretionary, clean-up and safety procedure, the fact-finder may reasonably infer that this failure revealed a lack of reasonable care on the merchant’s part. “The length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism in place to discover such a hazard.” Id. at 318.
In the present case it is undisputed that plaintiffs fall happened at approximately 4:30 P.M. and that it had been raining, at the least, all afternoon. Wal-Mart employees knew it was raining and had placed rugs and warning cones at a number of locations about the entrance to the store. However, Wal-Mart’s own witnesses testified that there was neither any established policy concerning the placement of the rugs and cones nor any guidelines as to how frequently the vestibule/foyer area should be dry mopped. Ms. Kessler, the “people greeter” who was responsible for dry mopping the | (¡entrance areas stated that it may have been an hour *1316 between the time she last mopped the area and when Mr. Alexander fell. While all of defendant’s employees maintained they observed no water on the floor where plaintiff fell, not one attempted to verify his observation by feel or by wiping a paper towel or some other absorbent material over the floor.
Considering the lack of an established policy governing rainy day safety procedures, the length of the time it had been raining, the length of time between the last dry mopping of the area and plaintiffs fall, the lack of a rug at the entrance door used by plaintiff, his insistence that he slipped on a wet spot, and the failure of any Wal-Mart employee to do anything more than visually inspect the area after plaintiffs fall, we cannot say that the trial judge was manifestly erroneous in his conclusion.
Accordingly, for the reasons stated the judgment appealed is affirmed. All costs of this appeal are taxed against appellant, Wal-Mart Stores, Inc.
AFFIRMED.