BROWN, Judge.
Defendant, Kroger Company, has appealed from the trial court’s judgment awarding plaintiff, Geneva Driggers, damages for injuries sustained as a result of a fall on defendant’s premises. We reverse and render.

Facts

Plaintiff testified that on September 5, 1993, at approximately 3:00 p.m., she went to the Kroger grocery store on Nelson Street in Shreveport to pick up a few items. On her way into the store, she observed debris and papers on the concrete near the store’s entrance. According to Ms. Driggers, she was in the store 20-25 minutes. Ms. Driggers paid for her groceries and took them out to her car. She realized that she had forgotten something and on her way back into the store, her feet got tangled in a plastic cord or strap and she fell. Ms. Driggers noted that the plastic appeared to have come from a box of frozen meat.
Ms. Driggers fell on both knees, an elbow and wrist, sustaining soft tissue injuries. She left the plastic strap or cord outside and re-entered the store. Defendant’s employees rendered first aid and instructed plaintiff to seek, if necessary, further care at Willis Knighton Medical Center. According to Ms. Driggers, the store manager sent someone outside to retrieve the plastic strap.
Earlene Barton, a nurse and plaintiffs neighbor, testified that she assisted Ms. Driggers to Her apartment and cleaned her wounds. Ms. Barton later accompanied Ms. Driggers to Willis Knighton. Thereafter, she gave Ms. Driggers over-the-counter pain medicine. Ms. Barton stated she did not know if Ms. Driggers was walking in or out of the store when the accident happened and did not recall answering in her deposition that Ms. Driggers was exiting when the fall occurred.
Following the accident, Ms. Driggers was treated by Dr. Ebrahim for pain and soreness from September until November 1993 when he released her. Later, j2she sought treatment from Dr. Fox, who examined her arm and prescribed a brace. Ms. Driggers stated she still wore the arm brace from time to time. At trial, Ms. Driggers testified to continued pain in her leg and arm.
At the close of plaintiffs case, which consisted of the testimony of Ms. Driggers and her neighbor, medical records and photographs, defendant moved for an involuntary dismissal under La.C.C.P. art. 1672(B). This motion was denied by the trial court. Thereafter, defendant presented its case, which consisted primarily of the testimony of James Fuller, the assistant store manager on duty at the time of the accident.
Mr. Fuller testified that upon being informed of the accident, he went to the front office where plaintiff was sitting in a chair. Mr. Fuller prepared an accident report which stated that Ms. Driggers was on her way to her car with groceries when she stepped into a plastic band and fell onto her knees and wrists.
According to Mr. Fuller, Ms. Driggers stated that she did not know what caused her to fall. When Mr. Fuller went outside to look, he found a plastic band near the newspaper racks which he described as a clear plastic loop )4 inch wide and 14-16 inches in diameter. Mr. Fuller testified that the band could have been easily seen. He denied that the band came from any product in his store. Acknowledging that the band resembled a *1340 strap from a box of chicken, he asserted that no strap from a product delivered to the rear of the store ever made its way into the retail sales area. Mr. Fuller stated that all Kroger employees are instructed to pick up anything noticeable on the ground and that sackers and courtesy clerks enter and exit the store every two to four minutes while taking groceries to customer vehicles. On a normal day, Mr. Fuller stated that he went outside the store at least eight times.
Kroger also offered Ms. Driggers’ deposition which on certain points was inconsistent with and contradictory to her testimony. In the deposition, Ms. ^Driggers stated that there was no other trash in the area where she fell. She stated that she did not see the plastic loop until she stood after her fall and said it was the only thing there that day. At trial, however, Ms. Driggers stated that there was trash and papers scattered all around the entrance and parking lot. There were also inconsistencies about whether Ms. Driggers was entering the store for the first or second time, whether she was exiting and whether she had groceries with her when she fell.
The trial court found that Ms. Driggers’ injuries were sustained as a result of her feet becoming entangled in a plastic band or strap lying outside the front entrance of the Nelson Street Kroger store. The court further found that the debris created an unreasonable risk of harm to customers and that given the amount of traffic passing through the doorway, defendant was chargeable with constructive knowledge of the hazard. Finally, the court concluded that defendant acted unreasonably by failing to timely remedy the hazardous situation.
The trial court also found that Ms. Drig-gers was at fault in failing to take care to avoid the debris that she admitted seeing outside the store’s entrance. Accordingly, fault was apportioned 60% to defendant and 40% to plaintiff. Damages totaling $9,140.88, subject to reduction for the fault attributed to plaintiff, were awarded. It is from the trial court’s judgment of February 15, 1996, that defendant has appealed.

Discussion

La.R.S. 9:2800.6 as amended in 1990 reflected an evolution in the law to a decidedly pro-defendant stance in slip and fall cases.[1] To recover, a plaintiff had to prove that she slipped and fell due to a condition on defendant’s premises which presented an unreasonable risk of harm, that the risk of harm was reasonably Uforeseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that defendant failed to exercise reasonable care. Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 05/22/95), 655 So.2d 309; Billiot v. Cline, 27,396 (La.App.2d Cir. 09/27/95), 661 So.2d 537, writ denied, 95-2595 (La. 01/05/96), 666 So.2d 293.
Defendant claims that plaintiff offered no credible evidence that Kroger created or had notice of the hazard. Further, plaintiff provided nothing about the care or lack of care on the part of Kroger. Thus, defendant asserts that its motion for involuntary dismissal at the close of plaintiffs case should have been granted.
In Hopkins v. American Cyanamid Company, 95-1088 (La. 01/16/96), 666 So.2d 615, the Louisiana Supreme Court rejected a restricted and compartmentalized appellate review after a trial on the merits, stating:
Once a ease is fully tried, the affidavits and other limited evidence presented with the motion for summary judgment — later denied by the district court — are of little or no value. Appellate courts should not rule on appeal after a full merits trial on the strength alone of affidavits in support of a motion for summary judgment that was not sustained by the district court. In such cases, appellate courts should review the entire record. (Emphasis added).
The logic of the language in Hopkins is equally applicable to the district court’s *1341 denial of a motion for involuntary dismissal. In Townsend v. Delchamps, Inc., 94-1511 (La.App. 1st Cir. 10/06/95), 671 So.2d 513, the court found that the trial court’s denial of a motion for involuntary dismissal at the close of plaintiffs case was not reviewable. We, therefore, will review the entire record, including the evidence presented by defendant.
Plaintiff disagrees with defendant’s argument that the trial court applied the wrong burden of proof and claims that defendant’s confusion was caused by imprudent language in the opinion. The trial court properly cited the applicable law and found that plaintiff, by a preponderance of the evidence, established Isdefendant’s constructive notice of the hazard and lack of care. However, the trial court also stated that to establish a prima facie case and shift the burden of proof, plaintiff had to show only that she slipped in a foreign substance.
After the defendant presented its case, the trial court made the following specific factual findings which established liability in accordance with the requisites of La.R.S. 9:2800.6 as amended in 1990:
(1) that plaintiff suffered injuries while on defendant’s premises;[2]
(2) that the plastic band lying outside the entrance of defendant’s premises created an unreasonable risk of harm to customers;
(3) that given the amount of traffic passing through the doorway, defendant was chargeable with constructive notice of the hazard;
(4) that defendant acted unreasonably in failing to remedy the hazardous situation in a timely fashion; and
(5) that plaintiff was also at fault in causing her injuries based on her failure to avoid the debris she admitted to seeing on defendant’s premises prior to her fall.
Obviously, the trial court wrongly interpreted the law and shifted the burden of proof when it denied the motion for involuntary dismissal; thereafter, all the elements neeessary to implicate liability under the law were found following the presentation of defendant’s case. As we have stated, we will not review the failure of the trial court to grant the motion to dismiss at the conclusion of plaintiffs case, but will review the entire record, including defendant’s evidence.
Because there is confusion as to what standard was articulated by the trial court, we will review the case de novo. See Ferrell v. Fireman’s Fund Ins. Co., 94 1252 (La. 02/20/95), 650 So.2d 742, 745, where the supreme court explained:
The Louisiana Constitution provides that the appellate jurisdiction of a court of appeal extends to law and facts. La. Const. 1974, Art. VjeSec. 10(B). This provision, resulting from Louisiana’s history as a civilian jurisdiction, has been interpreted as giving an appellate court the power to decide factual issues de novo. The exercise of this power is limited, however, by the jurisprudential rule of practice that a trial court’s factual findings will not be upset unless they are manifestly erroneous or clearly wrong. Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and render a judgment on the merits.
Ms. Driggers sustained a fall which resulted in some injuries. Her testimony, however, was inconsistent and contradictory. In the deposition offered by Kroger for impeachment, Ms. Driggers stated that there was no other trash lying around in the area where she fell, although she did see stuff lying around out where the cars were parked; that she did not see the plastic loop until she stood after her fall; that she would have seen the object had she been looking down; and that it was the only object on the ground where she fell. At trial, Ms. Drig-gers stated that there was trash and paper scattered all around the entrance apron and parking lot which appeared unswept that *1342 morning on both her initial entry and exit. There were also inconsistencies about whether she was entering the first or second time, whether she was exiting and whether she had groceries with her when she fell. On the other hand, the store manager, Mr. Fuller, testified that the plastic strap he found did not come from the Kroger store but was similar to the type wrapped around newspapers.
Kroger is located in a shopping center with other businesses. There is a large parking area for use by customers visiting the different stores. This fall occurred outside between the parking area and the entrance to the Kroger store. We find that there was no credible evidence of debris in this area, other than the plastic band that caused plaintiffs fall. Windblown debris of this nature is not unusual. Under the particular circumstances of this case, we cannot find that this band was an unreasonable hazard and are constrained to reverse the trial court.

17Decree

The judgment of the trial court is reversed and judgment entered in favor of defendant dismissing plaintiffs demands.
REVERSED and RENDERED.

. This statute was again amended in 1996; however, this case is governed by the statute as amended in 1990.

. The court noted that there was conflicting evidence regarding whether plaintiff was exiting or re-entering the store when she fell, then concluded that it was more probable than not that plaintiff's fall occurred while she was going back into the store for an item she had forgotten.