707 So.2d 1292 (1998)
Michael ALEXANDER, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 96-1598.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
Writ Denied April 24, 1998.
*1293 Vincent Ross Cicardo, Alexandria, for Michael Alexander.
John Goulding Swift, Lafayette, for Wal-Mart Stores, Inc.
Before DOUCET, C.J., and YELVERTON and WOODARD, JJ.
DOUCET, Chief Judge.
This case is before us on remand from the Louisiana Supreme Court. In our previous consideration of this case at 96-1598, 692 So.2d 1313 (La.App. 3 Cir. 4/2/97), we affirmed the trial court's judgment. The supreme court has instructed us to reconsider that decision in light of its decision in White v. Wal-Mart, 97-0393 (La.9/9/97), 699 So.2d 1081. We repeat the facts as stated in our previous opinion in this matter.
At approximately 4:30 P.M. on the rainy afternoon of November 1, 1995, plaintiff, Michael Alexander, his girlfriend, Arelia Strong, and his step-daughter went to the Wal-Mart store in Pineville, Louisiana. As the trio entered the store, Ms. Strong remembered that she had left her shopping list in the car and asked Mr. Alexander to get it for her. While Mr. Alexander returned to the car, the ladies proceeded into the store to begin shopping.
It is unclear whether the three first entered the store vestibule through the front or one of the side doors. In any event, Mr. Alexander testified that upon returning to the store, after obtaining Ms. Strong's shopping list, he entered the store vestibule through the left side doors. Mr. Alexander testified that he was in a hurry to get out of the rain, but that he was proceeding carefully because of the wet floor. He stated that as he reached the rug beside the inner store doors, he slipped and fell on a wet spot. No one witnessed his fall, but Wal-Mart's "people greeter" on duty, Margaret Kessler, spotted plaintiff on the floor and called for assistance.
Ms. Kessler testified that in addition to greeting customers, she was responsible for dry mopping the foyer and vestibule areas on rainy days. She stated that she could not remember how long before Mr. Alexander fell she had last mopped the areas, but that it could have been as long as one hour.
Both the manager, Keith Blanchard, and the assistant manager on duty, Alan Capello, responded to the report of a customer falling in the front of the store. The two men agreed that both mats and warning cones were in place and neither one remembered seeing any wet area near the site of plaintiff's fall. However, the two disagreed about the presence or absence of a rug at the door Mr. Alexander had used to enter the store. Byron Hawthorne, a member of the Wal-Mart support team also responded to the report of a customer falling. His testimony supported that of the assistant manager, who did not remember a mat inside the side entrance door.
Two of Wal-Mart's witnesses stated that they smelled alcohol on Mr. Alexander's breath. Mr. Alexander admitted that he had consumed two or three beers over the course of the day, but denied that he was in any way alcohol impaired. A blood test done at Rapides Regional Medical, the facility to which plaintiff was transported after his fall, was negative for controlled substances and alcohol.
The trial judge found plaintiff to be 30% and Wal-Mart 70% at fault in causing *1294 plaintiff's injuries. He awarded Mr. Alexander $2,106.99 in medical expenses and $7,000.00 in general damages. In accordance with the percentage of liability allocated to Wal-Mart, judgment was rendered in favor of plaintiff for $6,374.89.
Alexander, 96-1598, p. 1-3, 692 So.2d at 1314.
The Louisiana Supreme Court in White, 97-0393, at pp. 3-5, 699 So.2d at 1083-85 (footnotes omitted), has clarified the application of the constructive notice provisions of La.R.S. 9:2800.6.
La. R.S. 9:2800.6 (1991), as revised in 1990 and in effect at the time of the instant accident, provides in relevant part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
....
Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. Backhus v. Transit Casualty Co., 549 So.2d 283, 291 (La.1989).
This statute is clear and unambiguous. The statute uses the mandatory "shall." Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive" and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory. The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
After reconsidering the facts of the case presently before us in light of the foregoing findings of the supreme court, we conclude that the Plaintiff herein has not carried his burden of showing that Wal-Mart had constructive notice of the condition in the vestibule *1295 of its store. As in White, the Plaintiff presented no evidence that the Defendant created or had actual notice of the water on the floor. Nor did the Plaintiff present any positive evidence about how long the spill had been on the floor. Only indirect evidence shows the possible length of time that the condition existed: it had been raining for an extended period; the area was last mopped at least one hour before the fall. However, under the provisions of La.R.S. 9:2800.6 as applied by the supreme court in White, this is not sufficient to carry the burden of showing that the wet condition had existed for a sufficient period to allow the merchant to discover its existence with the exercise of reasonable care. "Because it is the claimant's burden to prove [the condition's] existence for some period of time, the absence of evidence can not support the claimant's cause of action. Rather the absence of evidence is fatal to the claimant's cause of action." Id. at p. 7, 1086.
Accordingly, given the absence of evidence concerning the period of time for which the wet condition existed, we must reverse the judgment of the trial court. Judgment is rendered in favor of the Defendant, Wal-Mart. Costs of this appeal are assessed to the Plaintiff.
REVERSED AND RENDERED.