720 So.2d 1263 (1998)
Darlene O'BRIEN, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 31,032-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1998.
*1264 Vicki C. Warner, Shreveport, for Appellant.
James M. Johnson, Minden, for Appellee.
Before HIGHTOWER, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
In this slip and fall action, the defendant, Wal-Mart Stores, Inc., ("Wal-Mart") appeals the trial court's judgment awarding the plaintiff, Darlene O'Brien, damages for injuries sustained after she slipped while shopping on defendant's premises. Finding that the plaintiff failed to meet the burden of proof required by LSA-R.S. 9:2800.6, we reverse the trial court's judgment and dismiss the plaintiff's claims against the defendant.

FACTS
On June 3, 1994, at approximately 2:30 p.m., Darlene O'Brien was shopping in the automotive department at the Wal-Mart store in Minden, Louisiana. As O'Brien proceeded down the aisle, she stepped in a clear substance on the floor, slipped and injured her right ankle and left knee. Because she was holding on to her shopping cart, she did not actually fall to the floor. The clear substance was later identified as oil.
During the trial, the plaintiff testified that she did not see anyone in the automotive department when the accident occurred. The plaintiff called for help and Tim Walker, the supervisor trainee in Wal-Mart's automotive department, responded to her call. The plaintiff was seated in a chair while Walker completed an incident report. The plaintiff testified that the oil spill measured approximately five inches in diameter and that she saw a smear mark on the right side of the oil spill. She further testified that she believed that she was the first person to step in the oil because she did not recall seeing any trash, debris or shopping cart tracks in the vicinity of the spill.
At the close of plaintiff's case, the defendant moved for involuntary dismissal on the basis that the plaintiff failed to meet the burden of proof required under LSA-R.S. 9:2800.6. The trial court denied the defendant's motion finding that the plaintiff's testimony was sufficient to defeat involuntary dismissal. After taking the case under advisement, the trial court rendered judgment in favor of the plaintiff. The trial court concluded that the plaintiff had met her burden of proof and awarded her $4,771.80 in damages. The defendant appeals.

DISCUSSION
The defendant argues that because the plaintiff failed to meet her burden of proof under LSA-R.S. 9:2800.6, the trial *1265 court erred in finding the defendant liable. This court has previously declined to review a trial court's denial of a motion for involuntary dismissal after a trial on the merits has occurred. Driggers v. Kroger Co., Inc., 29,431 (La.App.2d Cir.4/4/97), 692 So.2d 1338, citing Hopkins v. American Cyanamid Company, 95-1088 (La.1/16/96), 666 So.2d 615.; Townsend v. Delchamps, Inc., 94-1511 (La. App. 1st Cir 10/6/95), 671 So.2d 513. However, in this case, we elect to review the entire record to determine whether plaintiff met the burden of proof required by LSA-R.S. 9:2800.6.
LSA-R.S. 9:2800.6, as revised in 1990 and applicable to the present case, provides in relevant part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
This statute applies in cases where a slip occurs without an actual fall to the floor. Wilson v. National Union Fire Ins. Co. of Louisiana, 27,702 (La.App.2d Cir.12/6/95), 665 So.2d 1252.
The most recent Louisiana Supreme Court decision interpreting LSA-R.S. 9:2800.6 is White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, which expressly overruled Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95), 655 So.2d 309. In Welch, the court found that the plaintiff proved constructive notice by showing the lack of written inspection procedures, the lack of documentation that inspections had been performed and the lack of a consistent inspection policy. The court in Welch also noted that the fact finder could have disbelieved positive evidence put forth by the defendant showing the lack of a spill minutes before the fall. White v. Wal-Mart, supra at 1085. According to the court in White, constructive notice was proved in Welch without a showing that the condition existed for a period of time prior to the occurrence and with a shifting of the burden of proof to the defendant to prove the exercise of reasonable care. White v. Wal-Mart, supra at 1085. In White, the court concluded:
The statute is clear and unambiguous. The statute uses the mandatory "shall." Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive "and" follows Section (B)(2). Thus, Sections(B)(1), (B)(2), and (B)(3) are all mandatory....
Constructive notice, at issue here, is defined by Section (C)(1). The definition is... clear and unambiguous. There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall....
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, *1266 constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
At the time of the accident, Bertha Capers was employed by Wal-Mart as a housekeeper. She testified that her shift was from 7:00 a.m. to 3:00 p.m. and that her job duties consisted of "safety sweeps" which included inspecting the aisles to make sure the floors were clean. According to Capers, it took about 30 minutes to complete a safety sweep and, during her shift, safety sweeps were usually done at 9:00 a.m., 11:00 a.m. and 2:00 or 2:30 p.m. Capers testified that she did three safety sweeps on the day of the accident. She further testified that she inspected the automotive department at about 2:30 p.m. and saw no signs of a substance on the floor.
Martha Bond worked in the sporting goods department at Wal-Mart at the time of the accident. Bond testified that a young boy informed her that there was a sick lady in the automotive department. When she arrived in the automotive department, Bond found plaintiff leaning over a shopping cart. Bond testified that she saw two puddles of clear oil on the floor, one was about three inches in diameter and there was a second, smaller puddle. According to Bond, she did not see any trash or shopping cart marks in the vicinity of the spill, but she did notice the bottle of oil on the shelf that appeared to be out of place.
Kevin Corie was employed as the supervisor of the automotive department at the time of the accident, however, he was not in the store when the accident occurred. Corie testified that Tim Walker[1], the automotive department's supervisor trainee, was in the department at the time of the accident and briefed him of the accident. According to Corie, a bottle of Campbell Hausfeld Air Tool Oil was found out of place on the shelf. The bottle's cap was off, the tip had been cut and the seal punctured.
Corie explained that the store used "zone defense" to insure safety by identifying potential hazards in the store. Corie testified that "zone defense" would be called for the entire store approximately once every hour, but zone defense in the automotive department would occur every 30 to 45 minutes. According to Corie, occasionally, someone in the automotive department would be assigned to inspect the area for hazards. However, if no one was specifically assigned, each automotive department's employee's job included inspecting the area for hazards.
The trial court found that the plaintiff met the burden of proof required by LSA-R.S. 9:2800.6. However, in reaching this conclusion, the trial court did not specifically find that the defendant had constructive notice of the condition prior to the accident.[2] At most, the trial court stated that the oil spill was caused by either a Wal-Mart employee or a customer and that the spill was the type of dangerous condition that a merchant should be on constant guard to discover and correct. The trial court also found that the spill would have been found and corrected prior to the accident if the defendant had exercised reasonable care. These findings do not constitute constructive notice as required by the statute and White v. Wal-Mart, supra.
Reviewing the evidence in light of the White decision, we find that the plaintiff failed to prove constructive notice by establishing the existence of the spill for some period of time prior to the accident. The plaintiff did not present any evidence to establish that the oil was on the floor for any length of time. Even though she noticed the bottle of oil with its cap off, the plaintiff was not sure whether the oil she slipped in came *1267 from that bottle. The plaintiff testified that there was no trash, debris or shopping cart tracks in the vicinity of the spill and that she believed that she was the first person to step into the oil spill. The plaintiff's testimony does not meet the burden of proof required to establish constructive notice as it does not establish the existence of the spill for some period of time prior to the accident. Plaintiff presented no other testimony relating to the accident.
The plaintiff's failure to present positive proof that the spill existed for some time prior to the accident is fatal to her claim. A trial court's finding of fact may not be set aside on appeal in the absence of manifest error or unless clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Based upon this record, the trial court's finding that the plaintiff met the required burden of proof is clearly wrong. Having determined that the plaintiff failed to prove constructive notice as required by LSA-R.S. 9:2800.6(B)(2), it is not necessary to address defendant's contention that the plaintiff also failed to prove that the defendant did not exercise reasonable care.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Plaintiffs claims against the defendant, Wal-Mart Stores, Inc., are dismissed. Costs of this appeal are assessed to the plaintiff, Darlene O'Brien.
REVERSED.
NOTES
[1] Tim Walker did not testify during the trial. At the time of the trial, he was no longer employed by Wal-Mart and did not live in the Minden area.
[2] The trial court's written reasons for judgment were issued August 21, 1997 and its judgment was rendered September 15, 1997. Since the Louisiana Supreme Court did not decide White until September 9, 1997, it appears that the trial court's decision was based upon the standards set forth in Welch. In reviewing this matter, the interpretation of LSA-R.S. 9:2800.6 set forth in White should be applied. See Alexander v. Wal-Mart Stores, Inc., 96-1598 (La. App. 3rd Cir. 2/4/98), 707 So.2d 1292. This court has applied White in reviewing cases decided prior to that decision. See Williams v. Wal-Mart Stores, Inc., 29,940 (La.App.2d Cir.10/29/97), 702 So.2d 8; Rodgers v. Brookshire Grocery Co., 29,920 (La. App.2d Cir.10/29/97), 702 So.2d 11.