**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-30598**
_____

**PAUL GRAY;**

**Plaintiff-Appellant,**

**v.**

**SHONEY'S INCORPORATED;
AND, UNIDENTIFIED PARTY;**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Eastern District of Louisiana**
(96-CV-3535-E)

August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On a rainy April morning in Chalmette, Louisiana, Paul Gray went to a Shoney's restaurant for breakfast. Due to the rain, Shoney's had placed "Wet Floor" signs and a yellow cone at the entrance and in the foyer of the restaurant. After being seated, Gray went to the restroom. The restroom was located in a hallway just off the foyer. After leaving the restroom and while still in the short hallway, Gray slipped on a puddle of water and sustained an injury.

To recover for this injury, Gray filed suit in Louisiana

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state court. Shoney's, Inc. ("Shoney's"), removed the action to the Eastern District of Louisiana based on diversity of citizenship. A discovery deadline of January 4, 1998, was set by the district court. After the deadline for discovery lapsed, Shoney's moved for summary judgment. Oral argument for the motion was continued on two occasions and some discovery was conducted following the January 4 deadline. After several rounds of briefing, the district court entered summary judgment in favor of Shoney's. The district court found that Gray had failed to produce sufficient evidence under La. Rev. Stat. § 9:2800.6 to prove that Shoney's had constructive notice of the wet spot in the restroom hallway. Gray moved for reconsideration claiming that the rainy day and the presence of "Wet Floor" signs in the foyer off the hallway were sufficient to impute actual knowledge of the dangerous condition to Shoney's. The district court rejected this argument and again entered judgment in favor of Shoney's. Arguing that additional discovery is required and citing alleged disputed issues of material fact, Gray appeals the district court's ruling.

Reviewing the district court's decision de novo and viewing all the evidence in Gray's favor, this court affirms. See Urbano v. Continental Airlines, Inc., 138 F.3d 204, 205 (5th Cir.), cert. denied, --- U.S. ---, 119 S. Ct. 509 (1998). Gray presented no evidence tending to establish that Shoney's had actual or constructive notice of the presence of water in the restroom hallway. Without such evidence, Gray could not prevail on his claim under La. Rev. Stat. § 9:2800.6. The mere presence of

**2**

warning signs in the entryway was not sufficient circumstantial evidence for a jury to find actual knowledge of water in the restroom hallway. Lacking such evidentiary support, the district court properly dismissed Gray's claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986).

Louisiana cases similar to Gray's support the district court's conclusion. See, e.g., Kennedy v. Wal-Mart Stores, Inc., No. 98-C-1939, 1999 WL 213027, at *1-*3, --- So. 2d ---, --- (La. Apr. 13, 1999) (reversing trial judgment in plaintiff's favor based on insufficient evidence to support finding of constructive or actual notice, though area where customer fell on rainy day was in view of customer service podium); Alexander v. Wal-Mart Stores, Inc., 707 So. 2d 1292, 1293-95 (La. Ct. App. 1998) (employee "greeter" standing in entryway in rainy weather and intermittently dry-mopping area insufficient to infer actual or, absent time evidence, constructive notice of dangerous condition); see also, e.g., White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1084-85 (La. 1997) (discussing plaintiff's burden of proof on constructive notice under La. Rev. Stat. § 9:2800.6). Barton v. Wal-Mart Stores, Inc., 704 So. 2d 361, 363-67 (La. Ct. App. 1997), is inapposite. Absent specific evidence -- versus speculation and mere allegations -- regarding the proximity of a known area where water is pooling to an area in another part of an establishment where an accident occurs, a plaintiff cannot impute actual knowledge of a dangerous condition to a merchant. Thus, the plaintiff's burden reverts to constructive notice, a showing which

**3**

Gray tacitly admits cannot be made based on his lack of time evidence.  See White, 699 So. 2d at 1084-85.

Gray waived his argument that the district court allowed insufficient time for discovery before granting summary judgment. Only once did Gray move for a continuance in order to conduct additional discovery.  The district court, however, granted two motions for continuance.  Following these continuances, the parties filed supplemental briefing regarding Shoney's motion for summary judgment.  At no point during supplemental briefing did Gray request a continuance for additional discovery.  Likewise, in his motion for reconsideration, Gray did not argue that summary judgment was improvidently granted based on the need for further discovery.  Because he did not request additional discovery in the district court, Gray waived the asserted ground of error.  See Potter v. Delta Air Lines, Inc., 98 F.3d 881, 887 (5th Cir. 1996), overruled on other grounds El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, --- U.S. —--, 119 S. Ct. 662 (1999).

**AFFIRMED.**