IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-30579
Summary Calendar

ELLODIE M BOYD

Plaintiff - Appellant

v.

WAL-MART STORES INC

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3176

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ellodie M. Boyd sued Wal-Mart after she slipped and fell in one of its stores. Wal-Mart filed for summary judgment, which the district court granted. For the reasons that follow, we affirm.

1.     After shopping in Wal-Mart, Boyd was leaving the store with her daughter when she slipped and fell in a puddle of clear liquid that had accumulated somewhere between the customer-service area of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the store and the front exit. As a result of her fall, Boyd badly injured her right knee.

Boyd filed suit in Louisiana state court, alleging that Wal-Mart's negligence had caused her injury. Wal-Mart removed the case to federal court and filed for summary judgment. The district court granted the motion and Boyd appealed.

2. We review grants of summary judgment applying the same legal standard as the district court.[1] As the Supreme Court has explained, summary judgment is proper when the non-moving party cannot "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2] In such situations, the moving party is entitled to judgment as a matter of law.[3]

3. Here, Boyd filed suit under Louisiana law, which places the burden on plaintiffs in slip-and-fall cases to prove, among other things, that "[t]he merchant either created or had actual or constructive notice of the condition" that caused the fall.[4]

In an attempt to meet her burden, Boyd argues that Wal-Mart had constructive notice of the liquid on its floor. To prove that Wal-Mart had such notice, Boyd must show that the liquid was on the floor "for such a period of time that it would have been discovered if

---

[1] Machinchick v. PB Power, Inc., 398 F.3d 345, 349 (5th Cir. 2005).

[2] Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986).

[3] Id. (citing FED. R. CIV. PROC. 56(c)).

[4] LA. REV. STAT. ANN. § 9:2800.6(B)(2) (2007).

[Wal-Mart] had exercised reasonable care."[5]  In White v. Wal-Mart Stores, Inc., the Louisiana Supreme Court explained that because the constructive-notice requirement includes a temporal element—"for such a period of time"—the plaintiff carries a burden beyond showing that the merchant acted unreasonably:

> A claimant who simply shows that the condition existed, without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice . . . . Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.[6]

Boyd has not presented any evidence concerning the length of time the liquid was on the floor.  Boyd instead argues that because Wal-Mart has no record of the last time it checked the floors, the liquid could have been there for hours.  But providing evidence that the liquid was on the floor "for some time period prior to the fall" is Boyd's burden, not Wal-Mart's.  Because Boyd did not meet that burden, the district court properly granted Wal-Mart summary judgment.

AFFIRMED.

---

[5] See id. § 9:2800.6(C)(1).

[6] 699 So. 2d 1081, 1084–85 (La. 1997); see also O'Brien v. Wal-Mart Stores Inc., 720 So. 2d 1263, 1266–67 (La. Ct. App. 1998) (holding that the plaintiff had failed to produce sufficient evidence to establish constructive notice because the plaintiff "did not present any evidence to establish that the oil was on the floor for any length of time").